IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | CR 10-103 |
| v. | ) | CV 15-1044 |
| TODD SUMMERS | | |

**MEMORANDUM ORDER**

By Opinion and Order dated March 10, 2016, this Court denied Defendant's Motion pursuant to 28 U.S.C. § 2255, in which he argued that counsel had been ineffective for failing to request a psychiatric evaluation prior to trial. Defendant claimed that had this been done, he would have been found incompetent to stand trial. Subsequently, in a Motion for Reconsideration, accompanied by a Motion for Evidentiary Hearing and Motion to Appoint Counsel, Defendant advised the Court that he had submitted a Reply to the Government's Response to his Motion, which had not been docketed.[1] That Reply has now been placed on the docket, and I will consider that Reply in connection with his request to reconsider my March 10, 2016 ruling and other pending Motions.

In denying Defendant's Section 2255 Motion, I noted that Defendant had not demonstrated a reasonable probability that the outcome of the proceeding would have been different, had counsel requested an evaluation earlier. In addition to reasserting his arguments regarding competency, Defendant now asserts that he did not fully understand the proceedings

---

[1] All future filings shall be submitted directly to the Clerk of this Court, rather than to chambers, to ensure placement on the docket.

1

against him, because counsel did not clearly explain the plea offer.  Defendant's arguments do not justify departing from the conclusions reached in my March 10 Order.

I first address Defendant's contentions regarding the plea agreement. [2] "[A]bsent clear and convincing evidence to the contrary, a court must presume the veracity of a defendant's statements made while under oath in open court." Morris v. United States, 2008 U.S. Dist. LEXIS 31295, at *14 (D. Del. Apr. 16, 2008).  In this case, the record belies Defendant's arguments.  The following exchange occurred at a hearing on January 8, 2013:

> GOVERNMENT COUNSEL:  Your honor, before we proceeding this afternoon, I just wanted to make one matter of record and that is the fact that last summer…the Government had extended a written plea offer to Mr. Summers' previous counsel…and of course to the Defendant, Todd Summers.  That plea offer would have permitted Mr. Summers to enter a guilty plea to between 100 and 400 grams of heroin.  Mr. Summers at that time rejected the plea…after we had a proceeding which the Court inquired of Mr. Summers' intentions….for future purposes, I want to be sure that Mr. Summers continues to reject that particular offer.  He now has new counsel, Mr. Roe, and I want to make sure it was Mr. Summers' own knowing and voluntary decision to go forward with the trial as to conspiracy to a kilo or more.
>
> THE COURT: Very well.
>
> DEFENDANT: Yes, sir, I understand.
>
> DEFENSE COUNSEL: Your Honor, if I might just mention for the record, I have reviewed with Mr. Summers the risks associated with going forward and actually the potential for a ten-year mandatory minimum.  Mr. Summers has discussed this in some detail with me, so I want to make it clear tht he has had the opportunity to reflect on this.  I think he is comfortable with that decision.
>
> DEFENDANT:  I am comfortable, sir.
>
> GOVERNMENT COUNSEL:  That is Mr. Summers' own decision to go forward with this trial?
>
> DEFENDANT:  Yes.

---

[2] In his initial Section 2255 Motion, Defendant suggested that if counsel had addressed competency earlier, he would have accepted the plea offer.  To the extent that his current challenge relates solely to counsel's explanation, rather than his failure to seek a psychiatric evaluation prior to trial, Defendant raises the argument for the first time.

2

> DEFENSE COUNSEL: Certainly it is not my decision, it is Mr. Summers' decision to make. You understand that, don't you?
>
> DEFENDANT: Yes, I do.

For the reasons stated in my prior Order, Defendant has not demonstrated a reasonable probability that the outcome of the proceeding would have been different had counsel acted earlier, and thus he has not demonstrated the prejudice required by applicable standards. "To be legally incompetent, [a defendant's] mental illness must have rendered him unable to consult with his attorney or understand the proceedings at the time of trial." Cherys v. United States, 552 Fed. Appx. 162, 169 (3d Cir. 2014). There remains no evidence, other than Defendant's cursory suggestions, that establishes a reasonable probability that Defendant would have met this standard prior to trial, or that the outcome would have differed.

As discussed in my March 10 Order, the record suggests to the contrary. The record reflects that counsel had some concerns prior to trial, and discussed those concerns with a psychiatrist and the Court. Indicating his belief that the issue fell into a "gray area" that was less than legal incompetence, counsel did not immediately pursue the issue. The eventual psychiatric evaluation found Defendant competent, and does not suggest that an earlier evaluation would have led to a different outcome; to the contrary, as stated in my March 10 Order, the psychiatrist suggested that Defendant suffered from no psychiatric disorder during trial. Defendant challenges the psychiatrist's report as inadmissible; the Government, however, stipulated to the admission of Dr. Wettstein's report, which the defense offered at sentencing in connection with its request for a variance. Although I did not so state in my March 10 Order, the factual circumstances likewise undermine that counsel's conduct was constitutionally deficient under the first prong of Strickland. Defendant's Motions are denied.

AND NOW, this 31st day of March, 2016, IT IS SO ORDERED.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court